(No. 24831.—

The People of the State of Illinois, Defendant in Error, *vs.* John Maloney, Plaintiff in Error.

*Opinion filed December 15, 1938—Rehearing denied Feb. 8, 1939.*

Harold L. Levy, and Edward M. Keating, for plaintiff in error.

Otto Kerner, Attorney General, Thomas J. Courtney, State's Attorney, and A. B. Dennis, (Edward E. Wilson, John T. Gallagher, Blair L. Varnes, and Melvin S. Rembe, of counsel,) for the People.

Mr. Justice Stone delivered the opinion of the court:

Plaintiff in error seeks review of a judgment of conviction against him in the criminal court of Cook county on an indictment charging him with manslaughter. The charge is that on August 18, 1937, the defendant wantonly, recklessly and negligently so operated his automobile as to strike and kill a four-year-old boy named Freddie Fincher.

The substance of the testimony of the People's witnesses tends to establish that on the evening of August 18, 1937, at about 8:30, "daylight saving" time, the defendant, while driving east on Fifth avenue, in the city of Chicago, drove without stopping and at a speed from forty-five to fifty miles per hour, through a stop light at the intersection of Kedzie avenue and Fifth avenue; that the lights of the defendant's car were not burning; that after he crossed Kedzie avenue his car struck a Buick car moving west on Fifth avenue which had slowed down for the stop light, and, veering off that car, ran up over the curb of the street and into a group of people sitting in front of a building, killing the child. The People's evidence also is that when defendant got out of the car he walked unsteadily and appeared to be intoxicated, some of the witnesses testifying that they detected the odor of liquor on his breath and stated that they were of the opinion that he was under the influence of liquor. The People's witnesses also testified that the street was well lighted, the night was clear and the pavement was dry. When defendant's car, after crossing Kedzie avenue, crashed obliquely into the Buick, there was a loud crashing sound or report as the two cars came together. The fenders and running board of the Buick were crushed. The evidence shows that the Buick was in the north traffic lane of Fifth avenue at the time.

The owner of the Buick car testified that as he was driving west on Fifth avenue near Kedzie, and while slowing down because of the stop light, he suddenly saw a car coming toward him and heard and felt a crash against his

own car; that his car stopped and that when he got out he saw the running board and fenders were mashed. The witnesses agree that a sound like an explosion occurred when the defendant's car struck the Buick car. There is no testimony that more than one explosion was heard.

Defendant offered testimony of previous good character, and evidence tending to contradict that of the People as to his intoxication at the time. He testified that he had not been drinking; that he had but a couple of glasses of beer that evening and that when he got to the corner of Kedzie and Fifth avenues he saw a stop light and stopped, shifted his gears to second, and proceeded east on Fifth avenue; that by the time he got down a block or so he was going twenty-five to thirty miles per hour; that as he was going east on Fifth avenue he saw cars coming west on that avenue; that there was one pulling up to the stop light and one further back, and that when he came within three feet of the dark sedan his front tire blew out, and that when this happened his car swerved over against the sedan and collided with it striking the fenders and running board; that the next thing he knew he heard a scream; that he had lost control of the car when the tire blew out and crashed over the curb into the walk; that when he learned that a boy had been struck he asked the people to take the boy to the hospital and was told that the child had gone; that he didn't try to get away but got out of the car and remained there waiting for the police. He testified that his car was in good condition; that he had purchased it that year, in February, and that the tires were the usual tires sold with a car of that make.

It is argued that the evidence does not show defendant guilty beyond a reasonable doubt; that to make one guilty of criminal homicide arising from negligent operation of an automobile, it must be shown that the negligent operation was the direct and proximate cause of the death, and that, here, the evidence does not show defendant's negli-

gence to have been the proximate cause of the death, but that the death was the result of an unavoidable accident caused by the blowing out of the tire immediately before striking the Buick car. His counsel also say that since the street was well lighted, the fact that the headlights were not burning on defendant's car does not tend to establish negligence on his part as the proximate cause of the death. Cases of other jurisdictions are cited in support of counsel's argument, but in them the facts are not similar to those in the case before us, and it is unnecessary to discuss them.

The issue, here, is whether the defendant was guilty of wanton misconduct which caused the death of the deceased child. Four witnesses for the People testified that defendant was driving without lights at a rate of forty-five to fifty miles per hour, in a crowded business section, at a time in the evening when it was necessary to have the street lights burning. Three witnesses testified that he failed to stop at the red-light stop sign before he crossed the intersection at Kedzie avenue and failed to lessen speed. Five witnesses for the People testified that he was intoxicated at the time of the crash. There is also evidence tending to show that, after defendant was taken to the police station, he did not show evidence of intoxication. Here was clearly an issue of fact. We are convinced that the evidence sufficiently shows that defendant was guilty of gross criminal negligence.

The observations of this court in *People* v. *Allen,* 368 Ill. 368, are pertinent here. The court there said: "Every person who drives upon a public highway is under a legal obligation to observe, in the control and management of his vehicle, the exercise of reasonable care to prevent injury to others. (*People* v. *Adams,* 289 Ill. 339; *People* v. *Falkovitch,* 280 id. 321.) Where a person with willful and wanton negligence drives his automobile in a reckless manner, in disregard of the safety of others, and thereby runs over and kills another, even though unintentionally, his

action constitutes manslaughter. (*People* v. *Peterson,* 364 Ill. 80; *People* v. *Herkless,* 361 id. 32.) * * * It is the province of the jury to determine, from a consideration of all the evidence, under correct instructions, whether defendant is guilty of culpable or criminal negligence which was the proximate cause of the resultant death.—*People* v. *Peterson, supra; People* v. *Herkless, supra; People* v. *Smaszcz, supra.*"

The contention of plaintiff in error that death was caused by accidental means, is not borne out by the testimony. His counsel argue that it was the blowing out of the tire, just before he struck the Buick car, which caused him to lose control of the automobile he was driving, and thus the accident was caused. The tire was introduced in evidence and the jury saw whether it was one likely to be blown out by use or whether the blowout was caused by the crash into the Buick automobile. There is no evidence of two crashes nor two reports, but the evidence describes the crash into the Buick car as causing a loud report.

It is argued that an instruction defining criminal negligence and stating the measure of responsibility of the defendant, as given in this case, was erroneous. The instruction told the jury that, "Negligence, to become criminal, must necessarily be reckless or wanton and of such character as to show an utter disregard of the safety of others under circumstances likely to cause injury. The negligence involved and which must be proven beyond a reasonable doubt is criminal negligence. Where a person with willful and wanton negligence disregards the safety of others and runs over another and kills him, even though unintentional, it will be manslaughter." The argument against this instruction is that it eliminates the element of proximate cause and the question whether death was occasioned as the direct and natural result of defendant's conduct. Counsel cite in support, *Jackson* v. *State,* 101 Ohio, 152, and *People* v. *Barnes,* 182 Mich. 179. Instructions given in those cases

are easily distinguished from that given in the case before us. This instruction was proper. *People* v. *Allen, supra; People* v. *Peterson,* 364 Ill. 80; *People* v. *Herkless,* 361 id. 32.

No error appears in this record requiring reversal of the judgment, and it is affirmed.    *Judgment affirmed.*